**MANDATE**

13-3250-cv
*Pope Investments II, LLC v. Deheng Law Firm*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand and fourteen.

PRESENT:
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges*,
        ALISON J. NATHAN,[*]
            *District Judge*.

_____

POPE INVESTMENTS II, LLC, JAYHAWK PRIVATE EQUITY
FUND, L.P., GUERRILLA PARTNERS, LLC, ALDER CAPITAL
PARTNERS, L.P., ALDER OFFSHORE MASTER FUND, L.P.,
PARAGON CAPITAL, L.P., DAYBREAK SPECIAL SITUATIONS
MASTER FUND, LTD., AAMAXEN TRANSPORT GROUP, INC.,
ASIA BUSINESS MANAGEMENT GROUP, LTD., SHANGHAI
ANHANTE (BEIJING) MEDICAL TECHNOLOGY CO., LTD.,

                *Plaintiffs-Appellants*,


    - v. -                                      No. 13-3250-cv

DEHENG LAW FIRM,

                *Defendant-Appellee*,

_____

[*] Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 10/10/2014

BELMONT PARTNERS LLC, ROSEWOOD SECURITIES, LLC, JOSEPH MEUSE, GUZOV OFSINK LLC, DARREN L. OFSINK, HELEN LV, WILLIAM H. LUCKMAN, SOUTHERN TRUST SECURITIES HOLDING CORP.,

*Defendants*.

---

Theodore Eder, SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD., New York, NY, Andrew B. Protzman, PROTZMAN LAW FIRM, LLC, Kansas City, MO, and Jim McMullen, SHAPIRO & MCMULLEN, P.A., Leawood, KS, *for Plaintiffs-Appellants*.

Harry H. Rimm, Esq. (Karen E. Abravanel, *on the brief*), SULLIVAN & WORCESTER LLP, New York, NY, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Pope Investments II, LLC, Jayhawk Private Equity Fund, L.P., Guerrilla Partners, LLC, Alder Capital Partners, L.P., Alder Offshore Master Fund, L.P., Paragon Capital, L.P., Daybreak Special Situations Master Fund, Ltd., Aamaxen Transport Group, Inc., Asia Business Management Group, Ltd., and Shanghai Anhante (Beijing) Medical Technology Co., Ltd. ("Appellants") filed a complaint against Defendant-Appellee Deheng Law Firm ("Appellee"), and Belmont Partners LLC, Rosewood Securities, LLC, Joseph Meuse, Guzov Ofsink LLC, Darren L. Ofsink, Helen Lv ("Lv"), William H. Luckman, and Southern Trust Securities Holding Corp. ("Defendants"), alleging violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, ("Exchange Act") and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, and also alleging various state law claims, including negligent

1    misrepresentation, breach of fiduciary duty, conversion, rescission, and legal malpractice.
2    Appellants amended their complaint three times. After dismissing Appellants' first two amended
3    complaints with leave to replead, the United States District Court for the Southern District of New
4    York (Stanton, *J.*) dismissed Appellants' third amended complaint without leave to replead. The
5    district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for
6    failure adequately to allege the scienter necessary to make out a claim under Section 10(b) of the
7    Exchange Act and Rule 10b-5. It declined to exercise supplemental jurisdiction over the state law
8    claims because it had dismissed all of the federal law claims. We assume the parties' familiarity
9    with the underlying facts and procedural history of the case, and with the issues on appeal.

10    We review a district court's Rule 12(b)(6) dismissal of a complaint *de novo*. *Goldstein v.*
11    *Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). The complaint must plead "enough facts to state a claim to
12    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although
13    all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal
14    conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when
15    the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
16    defendant is liable for the misconduct alleged." *Id*. "Any complaint alleging securities fraud must
17    satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act
18    ("PSLRA")] and [Federal Rule of Civil Procedure] 9(b) by stating with particularity the
19    circumstances constituting fraud." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP*
20    *Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009).

21    Under the PSLRA, scienter is adequately pled "only if a reasonable person would deem the
22    inference of scienter cogent and at least as compelling as any opposing inference one could draw

from the facts alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1324 (2011) (internal quotation marks omitted). Scienter "can be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168-69 (2d Cir. 2000) (internal quotation mark omitted).

We agree with the district court that Appellants have not alleged sufficient facts to establish scienter under this standard. Appellants implicitly argue that Appellee is liable for the actions of Lv, alleging that Appellee had motive because embezzled funds were deposited into (1) an account of Jerga Management Limited, a company in which Appellee's supposed agent, Lv, was a director, and (2) accounts owned by Shao Gan Hua ("Shao"), who Appellants allege is now Lv's husband. But, as the district court explained, Appellants' allegations regarding the deposit into the account of Jerga Management Limited are not sufficient to establish motive because Appellants gave "no indication of how many other directors than Lv are on its board, the extent to which Lv is involved in company management, whether she had personal access to any company funds, or the relative size of the deposit in comparison to Jerga Management Limited's other assets." J.A. 430. Thus, "there is no possible way to speculate about whether she was even aware of the deposit." *Id.* And Appellants' allegations regarding the deposits into Shao's accounts are not sufficient to establish motive because Appellants have not alleged facts showing that Lv was married to Shao at the time of the alleged misrepresentation. By Appellants' own admission, at the time the transactions at issue closed, Lv was only "close personal friends with Shao." J.A. 75.

Appellants also have not alleged specific facts showing conscious misbehavior or recklessness by Appellee. While Appellants make several conclusory allegations, as the district

4

1   court stated, they do not "specifically identify any report or statement from which defendants should
2   have learned that Shao intended to embezzle the money or that the [transactions at issue] were a
3   sham, or that the invested funds were not flowing as intended." J.A. 427.

4   Appellants argue that Lv's knowledge that the funds would be embezzled can be inferred
5   from an email she sent on September 4, 2008, asking brokers who helped bring the parties together
6   "to act as a bridge between Kamick [the entity from which Shao withdrew the funds] and the
7   Investors [the parties who invested the funds that were allegedly embezzled] to avoid legal action
8   and help negotiate a compromise." Appellants Br. at 12. But Appellants' allegations do not contain
9   any information about the dispute for which Lv was suggesting a compromise. It is not at all clear
10  from the facts of the complaint whether this email was based on Lv's knowledge of Shao's
11  embezzlement, or whether it instead pertained to some other facet of the deal over which there could
12  have been a dispute. Furthermore, the email was sent well after the alleged misrepresentation
13  occurred. Thus, even if it did pertain to Shao's embezzlement of funds, it would not necessarily
14  indicate knowledge that Shao planned to embezzle the funds at the time of the alleged
15  misrepresentation. Given these facts, the inference that the email indicates Lv's knowledge of the
16  scheme is not "at least as compelling" as the inference Lv did not know that the funds would be
17  embezzled at the time of the alleged misrepresentation. *Matrixx*, 131 S. Ct. at 1324.

18  Because we find that Appellants have not alleged sufficient facts to make out a violation of
19  Section 10(b) of the Exchange Act and Rule 10b-5 even if Appellee could be held liable for Lv's
20  actions, we do not need to reach the question of whether Appellee can be held liable for Lv's actions
21  in this case. Because the district court properly dismissed Appellants' federal law claims, it did not

err in declining to exercise supplemental jurisdiction over Appellants' state law claims.  *See* 28 U.S.C. § 1367(c)(3).

We have reviewed Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit